# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE GUTIERREZ,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>UNKNOWN,<br><br>　　　　　Defendant. | Case No. 2:19-cv-10841-DOC-AFM<br><br>**ORDER DISMISSING COMPLAINT** |

Plaintiff, who is presently being held at the Ventura County Jail, filed this *pro se* civil rights action on December 23, 2019, and she appears to wish to proceed *in forma pauperis* ("IFP"). However, plaintiff neither paid the required filing fee nor filed a Request to Proceed IFP. In her pleading, plaintiff does not set forth any claims, identify any defendants, or seek relief (other than her release from custody). As set forth below, the pleading fails to allege any arguable basis in either fact or law for a federal civil rights claim and fails to set forth a short and plain statement of any claim. *See Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court has screened the pleading to determine whether it is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915(e)(2)(B). Section 1915(e)(2) pertains to any civil action by a litigant who is seeking to proceed *in forma pauperis*. *See, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193, 1194 (9th Cir. 2015). In screening the Complaint to determine whether plaintiff's pleading states a claim on which relief may be granted, the Court "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under 28 U.S.C. §1915(e)(2)(B), courts apply the standard of Fed. R. Civ. P. 12(b)(6)). A trial court may also dismiss a claim *sua sponte* where the claimant may not possibly obtain relief. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may dismiss a case summarily if there is an obvious jurisdictional issue. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015). A "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to support the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Plaintiff's pleading consists of a large post card with handwritten phrases on both sides. No defendants are named, and no intelligible claims are stated. Plaintiff has written incomplete and often incomprehensible notes on one side of the postcard, including "I need justice!"; "Save me!"; "murder on the inside"; "Get me out of

2

custody!"; "Secret Service Winslow"; etc. On the reverse side of the postcard, plaintiff references "numerous FBI agents, CIA Agents, LA County Courts, LAPD Rhonda Spinnaker, Kathy Wiggins, Gregory Totten," a public defender, "Judge George Romero," and "Andrea Haney." Plaintiff alleges that someone is "keeping [her] hostage," and that someone has been "trying to set [her] up or have [her] killed." (ECF No. 1.)

Plaintiff references the Los Angeles County Superior Court, which is a state entity. *See, e.g., Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (finding that a civil rights action against a California Superior Court is a suit against the State and thus barred by the Eleventh Amendment). The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities or agencies, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Eng'g v. Univ. of Calif., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. Accordingly, the Court does not have jurisdiction over plaintiff's claims against state agencies.

Plaintiff also references the FBI and CIA. As a general rule, the United States enjoys sovereign immunity, and this immunity extends to federal agencies and officers acting in their official capacities. Absent a waiver, sovereign immunity shields the federal government and its agencies from suit, and absent that waiver, a court lacks jurisdiction to hear claims against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("[T]he bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants."). The

doctrine of sovereign immunity bars suits against the United States, its agencies, and its employees in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Gilbert*, 756 F.2d at 1458-59 (suits against officers and employees of the United States in their official capacities are barred by sovereign immunity absent an explicit waiver). Accordingly, plaintiff may not bring any federal constitutional claims against any federal agency or any federal employee in his or her official capacity because the Court lacks subject matter jurisdiction over such claims.

Further, plaintiff presently is in custody and appears to be seeking release from such custody. However, a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of … confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Thus, plaintiff may not use a civil rights action to challenge the validity or duration of a conviction or incarceration. Such relief only is available in a habeas corpus action.[1]

Plaintiff also appears to mention multiple public defenders. To the extent that plaintiff purports to raise a federal civil rights claim against a public defender who has represented plaintiff in criminal proceedings, such individuals are not acting under color of state law. To "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and [she] must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The "under-color-of-state-law" requirement "excludes" from the reach of § 1983 all "merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). A private individual, such as an attorney, may be considered to be acting under color of state

---

[1] Plaintiff's claims are dismissed without prejudice, and she may raise them in a petition for writ of habeas corpus if she is seeking to challenge the validity or duration of a conviction or incarceration. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

4

law only if a private party intentionally engages in joint action with a state official to deprive someone of a constitutional right. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989) (en banc). An attorney, even if appointed by a court or government entity, is a private party who does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 318-19, n.9, 325 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of §1983," regardless of "whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program"); *Miranda v. Clark County*, 319 F.3d 465, 468-69 (9th Cir. 2003) (en banc) (a public defender performing the role of an attorney for a client is not a state actor under §1983). Accordingly, plaintiff may not raise a federal civil rights claim against her public defenders.

Finally, plaintiff alleges that someone has been "keeping [her] hostage," "money all the way around," and "murder on the inside." Such allegations are not complete or intelligible as presented, and they "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32-33.

In sum, plaintiff's allegations herein are disjointed, incoherent and fail to plausibly allege that any defendant acted under color of state law to deprive her of a right guaranteed under the United States Constitution or a federal statute. For these reasons, plaintiff's allegations lack an arguable basis in fact or law to assert a federal civil rights claim, and the Court lacks subject matter jurisdiction.

**IT THEREFORE IS ORDERED** that this action is dismissed without prejudice.

DATED: January 15, 2020

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

5